IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
NOV -9 2017
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:99CR285–HEH
)
THOMAS WAYNE MOXLEY, )
)
    Petitioner. )

## MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2255 Motion)

Thomas Wayne Moxley, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 86).[1] The Government has responded, asserting that Moxley's § 2255 Motion is barred by the statute of limitations. (ECF No. 92.) For the reasons set forth below, Moxley's § 2255 Motion will be denied as barred by the statute of limitations.

## I. PROCEDURAL HISTORY

On June 29, 2000, the Court sentenced Moxley to ninety-seven months of imprisonment for possession of a firearm by a convicted felon. (ECF No. 46.) On November 20, 2007, Moxley commenced his three-year term of supervised release. (ECF No. 92, at 2.) On May 24, 2010, the probation office filed a petition on supervised release notifying the Court that Moxley had been charged in the Circuit Court for the City of Hopewell ("Circuit Court") with malicious wounding and abduction. (ECF No. 75;

---

[1] The Court employs the pagination assigned to Moxley's submissions by the CM/ECF docketing system.

ECF No. 92, at 2.) Moxley was convicted in the Circuit Court of unlawful wounding and abduction and sentenced to active term of five years of imprisonment. (ECF No. 92, at 2.)

On April 15, 2015, Moxley appeared before this Court to answer for violating the terms of his supervised release. (ECF No. 83.) Moxley admitted to violating the terms of his supervised release. (*Id.*) The Court sentenced Moxley to twenty months of imprisonment and sixteen months of supervised release. (*Id.*) On April 16, 2015, the Court entered an order reflecting this judgment. (ECF No. 84.)

On July 15, 2016, Moxley placed the present § 2255 Motion in the prison mail system for mailing to this Court. (ECF No. 86, at 1; ECF No. 86–1.)[2] The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

In his § 2255 Motion, Moxley contends that he is entitled to relief because:

| | |
|---|---|
| Claim One | The District Court committed reversible error by failing to order the Government to turn over all exculpatory and impeachment evidence. (Mem. Supp. § 2255 Mot. 1, ECF No. 87.) |
| Claim Two | The District Court committed reversible error by failing to credit Moxley for the time served in the Riverside Regional Jail. (*Id.*) |
| Claim Three | The District Court committed reversible error by depicting Moxley's charges as crimes of violence. (*Id.*) |
| Claim Four | Moxley failed to receive the effective assistance of counsel because counsel, *inter alia*, failed to raise the errors described in Claims One through Three. (*Id.* at 2.) |

---

[2] Moxley's submissions indicate that, although he placed the correct mailing address for the Court on his § 2255 Motion, the U.S. Postal Service returned the document to him marked, "ATTEMPTED NOT KNOWN." (ECF No. 86–1.) Moxley then resent the § 2255 Motion to the Court where it was eventually received by the Court on September 6, 2016. (ECF No. 86, at 1.)

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A.    28 U.S.C. § 2255(f)(1)

Because Moxley did not appeal from the final order with respect to his supervised release violation, under 28 U.S.C. § 2255(f)(1), his conviction became final on Thursday, April 30, 2015, upon the expiration of the fourteen-day period for filing a direct appeal. *United States v. Diallo*, 581 F. App'x 226, 227 (4th Cir. 2014) (citations omitted). Hence, Moxley had until Monday, May 2, 2016 to file any motion under 28 U.S.C. § 2255. Because Moxley did not file his § 2255 Motion until July 15, 2016, the Motion

3

is untimely under 28 U.S.C. § 2255(f)(1). Neither Moxley nor the record before the Court suggests any viable basis for a belated commencement of the limitation period or any equitable reason for not enforcing the limitation period.

III. CONCLUSION

For the foregoing reasons, Moxley's § 2255 Motion (ECF No. 86) will be denied. The Government's Motion to Dismiss (ECF No. 92) will be granted. The action will be dismissed. The Court will deny a certificate of appealability.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Nov. 9, 2017
Richmond, Virginia

4